**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT PIKEVILLE**
*Filed Electronically*

| | | |
|---|---|---|
| SETH LITTLE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) Civ. No. 23-cv-_____ | |
| v. | ) | |
| | ) | |
| XTREMEPOWERUSA | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER**

Defendant, Stark Group, LLC (improperly sued as XtremepowerUSA and hereafter referred to as "Stark Group"),[1] by and through counsel, states as follows for its Answer to the Complaint of Plaintiff, Seth Little:

**FIRST DEFENSE**

1. Stark Group is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies these allegations.

2. Stark Group denies the allegations of Paragraph 2 of Plaintiff's Complaint.

3. Stark Group denies the allegations contained in Paragraph 3 of Plaintiff's Complaint. Stark Group affirmatively pleads that it sells the 55 CC Auger/Post Hold Digger.

---

[1] The named Defendant, XtremePowerUSA ("XtremepowerUSA"), is not a legal entity. XtremepowerUSA is a product branding. Instead, Stark Group is the proper defendant, as it sold the subject auger to Plaintiff. Thus, this Answer answers for Stark Group.

4. Stark Group denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Stark Group denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Stark Group denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Stark Group denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Stark Group denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Stark Group denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Stark Group denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Stark Group denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Stark Group denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. With respect to Paragraph 13 of Plaintiff's Complaint, Stark Group states that the allegations set forth in Paragraph 13 recite a legal conclusion to which no response is required.

14. Stark Group denies the allegations contained in the "Wherefore" clause of Plaintiff's Complaint.

15. Stark Group denies all allegations not expressly admitted.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim and, therefore, should be dismissed and held for naught.

## THIRD DEFENSE

Plaintiff's injuries and damages, if any, are not the result of any act or omission of Stark Group; but, rather, result from the misuse of the subject 55 CC Auger/ Post Hole Digger, which misuse bars Plaintiff from any recovery from Stark Group.

## FOURTH DEFENSE

Stark Group states that at the time and place and upon the occasion complained of, Plaintiff was guilty of negligence, which negligence on his part caused and/or contributed to bring about the damages complained of, if any, and Stark Group pleads and relies upon the same as a bar in whole or in part to the claims herein asserted.

## FIFTH DEFENSE

Stark Group states that the damages and injuries complained of by the Plaintiff, if any, were caused and brought by a superseding and/or intervening cause, not under the control of Stark Group, and Stark Group pleads and relies upon the same as a complete bar to Plaintiff's Complaint.

## SIXTH DEFENSE

To the extent applicable, as shown by discovery, Stark Group states that at the time and place and upon the occasion complained of by the Plaintiff, the 55 CC Auger/ Post Hole Digger described in the Complaint was not in its original, unaltered and unmodified condition, that unauthorized alterations and modifications had been made to the 55 CC Auger/ Post Hole Digger and that said alterations and modifications were a substantial cause of the occurrence, which

caused the damages and injuries complained of, if any, and Stark Group pleads and relies upon same as a complete bar to Plaintiff's Complaint.

## SEVENTH DEFENSE

Stark Group states that the 55 CC Auger/ Post Hole Digger described in the Plaintiff's Complaint was designed, manufactured, tested and sold in conformity with the generally recognized prevailing standards that were the state of the art in existence at the time the design was prepared and the 55 CC Auger/ Post Hole Digger was manufactured and Stark Group pleads and relies upon same as a complete bar to Plaintiff's Complaint.

## EIGHTH DEFENSE

Stark Group relies upon the provisions of the Product Liability Act of Kentucky, KRS 411.310, *et. seq.*

## NINTH DEFENSE

Stark Group states that at the time and place in question, the negligent acts or omissions of others for whom Stark Group is not responsible, were the sole cause or, in the alternative, a substantial factor in causing the accident and Plaintiff's alleged injuries and damages. As a result, Stark Group is not liable to Plaintiff or, in the alternative, fault should be apportioned accordingly.

## TENTH DEFENSE

Stark Group states that the Plaintiff has been reimbursed in whole or in part for some of the damages herein claimed, and that by reason of said facts, Plaintiff cannot recover the damages herein to the extent they have been reimbursed by a collateral source.

## ELEVENTH DEFENSE

Stark Group relies upon KRS 411.340, the Kentucky "Middleman Statute."

## TWELFTH DEFENSE

To the extent applicable, Stark Group relies upon Kentucky's Workers' Compensation Act, and all defenses therein, KRS 342.100, *et seq.*

## THIRTEENTH DEFENSE

Stark Group asserts the following affirmative defenses to Plaintiff' claim for punitive damages:

(a) The claim of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Kentucky law without proof of every element beyond a reasonable doubt would violate Stark Group's due process rights under the Fourteenth Amendment of the United States Constitution and under Section 2 of the Kentucky Constitution;

(b) Alternatively, unless Stark Group's liability for punitive damages and the appropriate amount for punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Stark Group's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

(c) The claim of Plaintiff for punitive damages cannot be sustained because any award of punitive damages under Kentucky law without bifurcating the trial of all punitive damages issues would violate Stark Group's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

(d) The claim of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Kentucky law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the award of punitive damages that

a jury could impose, would violate Stark Group's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

(e) The claim of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Kentucky law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of a punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state required and is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of a punitive damages award, and (5) is not subject to judicial review on the basis of objective standards, would violate Stark Group's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Sections 2, 3, 13 and 17 of the Kentucky Constitution;

(f) The claim of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Kentucky law for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Kentucky law would violate Stark Group's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

(g) The claim of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Kentucky law without the same protections that are afforded to all

criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the right to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate Stark Group's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment and by Sections 2, 10, 11, 13 and 14 of the Kentucky Constitution;

(h) Any award of punitive damages based on anything other than Stark Group's alleged conduct regarding the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment by Sections 2 and 13 of the Kentucky Constitution because any other judgment for punitive damages in this case cannot protect Stark Group against impermissible multiple punishment for the same wrong;

(i) Alternatively, Stark Group relies on KRS 411.184, as modified by *Williams v. Wilson, Ky.*, 972 S.W. 2d 260 (1998), and the United States Supreme Court decision of *State Farm v. Campbell*, 538 U.S. 408 (2003), as a bar to Plaintiff' punitive damages claim; and

(j) Stark Group denies that any of its agents, servants, or employees, by act or omission, was oppressive, fraudulent, malicious or grossly negligent, but in the event that it be adjudged to the contrary, Stark Group specifically pleads that it has not authorized nor ratified any such conduct nor should it have anticipated the conduct, if any, and Stark Group specifically pleads and relies upon such facts as a complete bar to Plaintiff's claim for punitive damages.

## FOURTEENTH DEFENSE

Stark Group affirmatively pleads lack of personal jurisdiction as a complete defense to all of Plaintiff's claims herein.

**FIFTEENTH DEFENSE**

Plaintiff has failed to name indispensable parties to this action and, therefore, Plaintiff's claims against Stark Group should be dismissed and held for naught.

WHEREFORE, Defendant, Stark Group, LLC, having fully answered, demands that Plaintiff's Complaint and all claims against it be dismissed with prejudice at Plaintiff's cost, judgment in its favor, that all fault be apportioned pursuant to KRS 411.182, that it be awarded its costs herein expended, and that it be awarded any and all other relief to which it may appear reasonably entitled, including trial by jury.

Respectfully submitted,

s/ Christopher L. Jackson
CHRISTOPHER L. JACKSON
MADISON STEWART
Dinsmore & Shohl LLP
100 West Main Street, Suite 900
Lexington, KY 40507
Telephone: (859) 425-1000
Facsimile: (859) 425-1099
christopher.jackson@dinsmore.co
madison.stewart@dinsmore.com
*Counsel for Defendant, Stark Group, LLC*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was served this the 25th day of April, 2023, electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures and Standing Order dated July 25, 2002.

Adam P. Collins
Collins, Collins & Conley, PSC
P O Box 727
Hindman, Kentucky 41822
*Attorney for Plaintiffs*

                                              s/ Christopher L. Jackson
                                              Christopher L. Jackson
                                              *Attorney for Defendant, Stark Group, LLC*