UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| SETH LITTLE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:23-CV-35-REW-EBA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| XTREMEPOWERUSA, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Seth Little filed a motion to remand this matter back to Knott Circuit Court. *See* DE 8 (Motion). Judge Atkins, reviewing subject matter jurisdiction, recommends remand and denial of Little's request for attorney's fees. *See* DE 13 (Report and Recommendation). The objection period has passed; neither party has objected. The Court agrees with Judge Atkins's recommendation. Accordingly, the Court **ADOPTS** DE 13.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'"); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made"); Rule 72(b)(3)(premising review on proper objection).

As Judge Atkins noted, to exercise jurisdiction, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a); *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252 (6th Cir. 2011). A defendant removing a case has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Gafford v. General Elec. Co.*, 997 F.2d 150, 159 (6th Cir. 1993); 28 U.S.C. § 1446(c)(2)(B). Upon review of the record, including all papers and materials Defendant marshalled, Judge Atkins found that the removing party failed to meet its burden. This Court, with no objection and being properly chary about the foundation for exercising jurisdiction, agrees.

While finding remand required, Judge Atkins found the award of attorney's fees to be unwarranted as the removal did not lack "an objectively reasonable basis." *See* DE 13 at 8. The Court again seeing no objection, agrees. Accordingly, the Court **ADOPTS** DE 13 and **REMANDS** this matter to Knott Circuit Court.

This the 21st day of August, 2023.

Signed By:
*Robert E. Wier*   REW
United States District Judge